946 So.2d 178 (2006)
Lucy PARR
v.
U.S. EXPRESS ENTERPRISES, INC.
No. 06-CA-320.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
*179 D. Steven Wanko, Jr., Attorney at Law, Covington, Louisiana, for Appellant, Lucy Parr.
Kevin T. Phayer, Attorney at Law, Metairie, Louisiana, for Appellee, U.S. Express Enterprises, Inc.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
Claimant, Lucy Parr, appeals the dismissal of her claim for workers' compensation benefits due to lack of subject matter jurisdiction. For the following reasons, we affirm.
Claimant was injured on August 12, 2005 while within the course and scope of her employment for U.S. Xpress Enterprises, Inc.[1] ("USX"). Claimant alleges and USX has accepted that, while working as an "over-the road" truck driver for USX she was injured in a motor vehicle accident with another tractor-trailer in Texas. USX, through its insurer, Liberty Mutual Insurance Company, began paying workers' compensation benefits to claimant pursuant to Tennessee's workers' compensation laws.[2] On January 5, 2006, claimant filed a Disputed Claim for Compensation against USX, seeking choice of physician, disability status, penalties, attorney fees, costs and interest, as allowed by Louisiana workers' compensation law.
USX filed declinatory exceptions of lack of subject matter jurisdiction and lack of personal jurisdiction. After a hearing, the trial court granted the exception of subject matter jurisdiction and dismissed the claim. Claimant appeals.
On appeal, claimant argues that the workers' compensation hearing officer erred in granting USX's exception of lack of subject matter jurisdiction. Specifically, *180 claimant alleges that she is eligible for benefits under La. R.S. 23:1035.1 because her contract of hire with USX was made in Louisiana.
La. R.S. 23:1035.1 provides:
(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he . . . would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee . . . shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury
(a) his employment is principally localized in this state, or
(b) he is working under a contract of hire made in this state.
In determining whether a contract should be regarded as a Louisiana contract or that of another state in workers' compensation cases, the parties' intent should be paramount. Moore v. KLLM, Inc., 96-38 (La.App. 5 Cir. 4/30/96), 673 So.2d 1268, 1272. Some of the factors to be considered in determining the parties' intent include the domicile of the parties, the nature of the work to be done, and the place where the employment was initiated. Id. Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375, 380.
At the exception hearing, claimant testified that she had been an "over the road" truck driver for USX for ten years before her accident. While working for USX, claimant lived in Louisiana. During her tenure with USX, she was aware of a small USX terminal in Harahan, Louisiana for about six or eight months but she admitted that the terminal had been closed for many years. According to documents introduced by USX, only 6 of the 144 trips claimant made in the year preceding her accident began and ended in Louisiana. Clearly, while claimant is domiciled in Louisiana, claimant's employment is not "principally localized" in Louisiana.
Claimant also testified that, in August of 1996, she went to the USX "drop yard" on Jefferson Highway in Harahan, Louisiana to apply for an "over the road" trucking job. She could not remember the name of the USX employee that gave her the application and she admitted that he merely accepted her application but did not tell her that she was hired. Claimant stated that a female employee of USX called her "four or five days later" to ask her to attend a truck drivers' orientation in Oklahoma City, Oklahoma. Claimant admitted at the exception hearing that she knew before leaving Louisiana that she had to complete orientation, pass her physical, and pass a road test before she could be hired by USX as an "over the road" driver. She stated that she would not have traveled to Oklahoma City for an interview without a strong belief that she would be able to pass all of the required tests but she could not state that she had been hired before leaving Louisiana.
In examining the factors such as the domicile of the parties, the nature of the work to be done, and the place where the employment was initiated, we do not find that the evidence supports claimant's contention that she was working under a contract for hire made in Louisiana. We, therefore, find no error in the trial court's judgment granting defendants' exception of lack of subject matter jurisdiction and that judgment is affirmed. Costs of this appeal are taxed against Lucy Parr.
AFFIRMED.
NOTES
[1] Throughout the record, defendant/appellee is referred to alternately as "U.S. Express International, Inc." and "U.S. Xpress International, Inc." In this opinion, we will refer to the defendant/appellee as "U.S. Xpress, International, Inc.," which the party uses to refer to itself.
[2] USX contends that it pays benefits pursuant to Tennessee law. Claimant contends she receives benefits pursuant to Oklahoma law. For our purposes, it is only important to note that claimant does not receive benefits pursuant to Louisiana law.