974 So.2d 692 (2007)
Timothy E. PETTICREW
v.
ABACUS CAPITAL CORP./NORTH AMERICAN KILN SERVICE, INC. & LWCC.
No. 07-CA-405.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 2007.
*693 James F. Scott, III, Daren Sarphie, Suzette M. Tagesen, P. Jeremy Lafleur, Attorneys at Law, Metairie, Louisiana, for Plaintiff/Appellee.
Gregory E. Bodin, Charles R. Davoli, Attorneys at Law, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
Defendant, Louisiana Workers' Compensation Corporation ("LWCC"), appeals from the judgment of the Office of Workers' Compensation ("OWC") in favor of Claimant, Timothy E. Petticrew, finding that he was injured in the course and scope of his employment with Abacus Capital Corporation ("Abacus") under a contract of hire made in Louisiana, and that he is entitled to temporary total disability benefits at the maximum rate, medical expenses, medication expenses, transportation expenses, penalties in the amount of $8,000 and attorney's fees in the amount of $8,000, the latter two for LWCC's failure to reasonably controvert the claim. For the reasons which follow, we affirm in part and reverse in part.
The accident giving rise to Claimant's injuries occurred on April 29, 2003 in New York, while he was employed by Abacus. Previously, Abacus, a New Jersey company, submitted an insurance application for workers' compensation coverage with LWCC. Sometime in 2002, Abacus obtained Claimant's name as a welder/fitter who might be willing to work for them. An Abacus employee, Mitch Fontenot, called Claimant on the telephone to discuss Claimant's interest in working on a job in Pennsylvania. Claimant was at his home in Westwego, Louisiana when the call was made. Fontenot was in Atlanta, Georgia. Claimant agreed to do the work. Abacus arranged and paid for an airplane ticket for Claimant to fly to Pennsylvania. Once in Pennsylvania, Claimant immediately *694 commenced working for Abacus. On about the third day after his arrival, Claimant completed an "application booklet" and paperwork for Abacus which he believed related to payment for the first pay period. Claimant was paid $19 per hour while working for Abacus. He testified that he received a $30 cash per diem for each day he was not at home, and was also paid $6.00 per hour for travel time. Prior to his injury, Claimant worked for Abacus for approximately 20 weeks, generally two weeks at a time, in Pennsylvania, Arkansas, Texas, Missouri, Alabama, West Virginia, Louisiana and New York, where he was injured.
On April 29, 2003, while in the course and scope of his employment, he fell to the ground and injured his left ankle and leg. LWCC denied the claim on the grounds that Claimant was not entitled to benefits under Louisiana law, because he was not injured in Louisiana or under a contract of hire made in Louisiana. LWCC argued that it did not provide coverage for the claim.[1] Abacus began paying weekly benefits to Claimant and paid them through trial. Either Abacus or Claimant's private health insurer paid his medical bills.
Claimant filed a disputed claim form with the Louisiana OWC on May 8, 2003. LWCC denied coverage for the claim, arguing that Louisiana law did not apply. Abacus answered the suit and filed a cross claim against LWCC. Following trial, the OWC rendered judgment, without reasons, in favor of Claimant, holding that OWC had jurisdiction over the claim because Claimant's employment with. Abacus was
under a Louisiana contract of hire. Abacus and LWCC were cast in judgment for benefits, medical expenses, penalties and attorney fees. It is from this judgment that LWCC appeals. Claimant has answered the appeal requesting costs and attorney's fees for the appeal.[2]
On appeal, LWCC argues that the OWC erred in holding that there was a Louisiana contract of hire and that Louisiana law applied. The primary fact in dispute is where Claimant was hired. LWCC argues that he was hired in Pennsylvania and Claimant contends, to the contrary, that he was hired in Louisiana.
Because the work accident occurred in New York, we look to La. R.S. 23:1035.1 for the applicability of extraterritorial coverage, which provides in pertinent Part:
(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he . . . would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee . . . shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury
(a) his employment is principally localized in this state, or
(b) he is working under a contract of hire made in this state.
In determining whether a contract of hire should be regarded as a Louisiana contract or that of another state in workers' compensation cases, it is well settled that the parties' intent should be paramount. *695 Parr v. U.S. Exp. Enterprises, Inc., 06-320, p. 3 (La.App. 5 Cir. 10/31/06), 946 So.2d 178, 180; Moore v. KLLM, Inc.; 96-38, p. 8 (La.App. 5 Cir. 4/30/96), 673 So.2d 1268, 1272. Some of the factors to be considered in determining the parties' intent include the domicile of the parties, the nature of the work to be done, and the place where the employment was initiated. Parr, 06-320 at 3, 946 So.2d at 180; Moore, 96-38 at 8, 673 So.2d at 1272. Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Chaisson v. Cajun Bag & Supply Co., 97-1225, p. 8 (La.3/4/98), 708 So.2d 375, 380; Parr, 06-320 at 3, 946 So.2d at 180.
There are numerous cases in which La. R.S. 23:1035.1 has been applied finding both that there was a Louisiana contract for hire and that there was not. Obviously, LWCC cites and relies on the cases in which it was determined that the contract for hire was not made in Louisiana. Robinson v. Independent Freightway, 94-0786 (La.App. 5 Cir. 4/16/96), 673 So.2d 1091, writ denied, 96-1246 (La.6/21/96), 675 So.2d 1088; Boothe v. Universal Tank and Iron Works, Inc., 360 So.2d 1371 (La.App. 3 Cir.1978). The Claimant cites and relies on cases in which it was determined that the contract for hire was made in Louisiana. Ohlhausen v. Sternberg Dredging Co., 218 La. 677, 50 So.2d 803 (La.1951), reversed on other grounds, 53 So.2d 206; Harvey v. B E & K Construction, 30,825 (La.App. 2 Cir. 8/19/98), 716 So.2d 514; Lakvold v. Stevens Transport, 95-0866 (La.App 1 Cir. 12/15/95), 665 So.2d 828. In reviewing these cases, as well as others, we note they are all fact specific. However, if there is one fact that outweighs the others in reaching a determination, it is the place the contract for hire was confected.
As noted by H. Alston Johnson, III in 14 Louisiana Civil Law Treatise, Workers' Compensation Law and Practice § 406 at 404 (4th ed.1994), "Confection of a contract of employment in Louisiana is the element most often cited by Louisiana courts in permitting application of Louisiana law to out-of-state injuries. Though it is obvious that there may be considerable dispute about whether the facts in any given case justify a conclusion that a contract of employment was completed in this state, there appears to be no deviation from the rule that if a contract of employment was formed in Louisiana, this state has sufficient interest in the resolution of the affair to apply its law." The rationale for this principle, offered in the first decision reaching the issue, Hargis v. McWilliams Co., Inc., 9 La.App. 108, 119 So. 88 (Orl.Cir.1928), is that the Act forms part of every contract made in Louisiana for the employment of labor and carries with it the appropriate liability for work-related injuries within or without the state. Any other view would leave the worker "without remedy or relief" contrary to the objective and spirit of the Act. Id., at 405.
Appellate review of the OWC judge's findings are subject to the manifest error or clearly wrong standard of review. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706. Thus, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a *696 reasonable one. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra.
In this case, it is not disputed that of the 20 weeks Claimant worked for Abacus, only a relatively small amount of that time was spent working in Louisiana. Although the Claimant is domiciled in Louisiana, his "employment is [not] principally localized in this state." Thus, for La. R.S. 28:1035.1 to apply, as found by the OWC, the contract of hire must have been made in Louisiana.
Upon review, we find no error in the OWC finding that the contract of hire was made in Louisiana. Claimant was contacted at his home in Louisiana by an Abacus employee, Fontenot. Although the business was domiciled in New Jersey and the work to be done was in Pennsylvania, Fontenot was in Georgia when he made the call to the Claimant. The job was offered to the Claimant over the telephone while he was at his home in Louisiana and he accepted it. An airline ticket to Pennsylvania was provided and the Claimant was paid a $30 per diem from the time he left his house, as well as $6 per hour for travel time. Claimant testified that he would not have gone to Pennsylvania if he had not thought he had a job. When he arrived in Pennsylvania, he immediately started working, without further testing, employment paperwork or training. He was working two or three days before he filled out any paperwork for Abacus, thus, clearly not a prerequisite to employment. Based on the foregoing, we find that the record amply supports the finding by the OWC that the Claimant was hired before he left his home in Louisiana. Moreover, for each additional job the Claimant took with Abacus, including the last one in New York where he was injured, he was telephoned at his home in Louisiana, the job was described and offered, he accepted the offer, and travel expenses were either paid or provided.
Abacus admits that each job was a separate job, offered and accepted by telephone calls to the Claimant in Louisiana. The nature of kiln work, for which the Claimant was hired, required short-term sporadic hires to travel to job sites throughout the country. The workers hired by Abacus could wait weeks between job offers, were not paid in the interim, were free to work elsewhere for other people and were not obligated to accept future job offers. Abacus admits that the Claimant's work contract for the New York job was perfected in Louisiana.
LWCC relies heavily on the case of Robinson v. Independent Freightway, 94-0786 (La.App.4/16/96), 673 So.2d 1091, writ denied, 96-1246 (La.6/21/96), 675 So.2d 1088, in support of its position. Robinson involved an Illinois trucking company and a Louisiana worker. In finding that there was no Louisiana contract for hire, this Court noted, among other things, that Robinson submitted an employment application to Freightway in Illinois. Freightway accepted Robinson's offer to work for them. Robinson signed the contract in Louisiana, and Freightway accepted the contract by signature in Illinois. The acceptance of the contract in Illinois gave rise to an Illinois contract of hire. We find the case consistent with our finding above, that the place where the contract of hire is formed or completed is the predominant factor.
Accordingly, in this case, where the job offer was made to the Claimant in Louisiana, where the job offer was accepted in Louisiana he accepted it, and where payment commenced in Louisiana, we find no error in the OWC ruling that the Claimant *697 was working under a Louisiana contract of hire.
Next, LWCC argues that the OWC erred in awarding penalties of $8,000 and attorney's fees of $8,000. LWCC argues that the OWC erred in finding that it did not reasonably controvert the claim. LWCC contends that it followed legal precedent in denying the claim and, therefore, should not be penalized.
Claimant argues to the contrary that both penalties and attorney's fees are recoverable where an employer fails to provide payment of compensation and medical benefits as provided by law. La. R.S. 23:1201. The Claimant points out that there has never been a dispute as to the occurrence of the accident, the extent of the injuries, or his entitlement to benefits. The only issue has been insurance coverage.
The Supreme Court has held that the unambiguous language of La. R.S. 23:1201 clearly establishes that penalties and attorney fees for failure to timely pay benefits shall be assessed unless the claim is reasonably controverted or such nonpayment results from conditions over which the employer or insurer had no control. Brown v. Texas-LA Cartage, Inc., 98-1063 p. 8 (La.12/1/98), 721 So.2d 885, 890. In order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed. Id. at 9, 721 So.2d at 890.
Upon review, we find that the workers' compensation judge erred in finding that there was no reasonable basis for LWCC's decision to contest the claim. LWCC established that Abacus did not have an office in Louisiana, although they had provided a Louisiana address on the application form. Further, as stated above, the cases considering the issue of whether there was an in state contract of hire are fact specific, and LWCC is not without support for its position. Thus, it is impossible to find that the claim was not reasonably controverted. We also note that this is not a case where the Claimant did not receive benefits during the course of the dispute. Abacus did compensate the Claimant compensation. The primary issue in this case was between LWCC and Abacus concerning insurance coverage. Our result may have been different had this not been the case. Therefore, we set aside the award of penalties and attorney fees, having concluded that the OWC clearly erred in awarding them.
The Claimant answered the appeal requesting attorney's fees and appeal costs. In light of our decision above, we deny the request.
Accordingly, the judgment of the Office of Workers' Compensation, insofar as it found that the Claimant was working under a contract of hire made in Louisiana, and that he is entitled to temporary total disability benefits at the maximum rate, medical expenses, medication expenses, and transportation expenses, is affirmed. Insofar as the judgment assessed penalties and attorney's fees, it is reversed.
JUDGMENT AFFIRMED IN PART; AND REVERSED IN PART.
NOTES
[1] Initially, LWCC had a dispute with Abacus over insurance coverage. MCC contended that Abacus provided it with a Louisiana employment address in the application, but it was nothing more than an employee's personal address. Abacus contended that it clearly expressed to the insurance agent that it would be hiring Louisiana residents, under a Louisiana contract of hire, to do work outside of Louisiana, and it wanted insurance coverage for them if they were injured. Abacus claims it was told to supply the Louisiana address.
[2] Abacus has neither appealed nor answered the appeal.