MARION F. EDWARDS, Judge.
 

 | gPlaintiff/appellant, Kevin Hopei (“Ho-pei”), appeals a judgment of the Office of Workers’ Compensation that granted an Exception of Lack of Subject Matter Jurisdiction. Hopei filed a claim for compensation in Jefferson Parish, alleging that he was injured in the course and scope of his employment with Crescent Directional Drilling, L.P. (“Crescent”). Crescent is domiciled in Houston, Texas. Hopei is a resident of Jefferson Parish.
 

 Hopei was working in Texas at the time of his accident. In response to Crescent’s Exception, he averred that the contract of employment was confected in Louisiana. Following a hearing, the judge granted the exception.
 

 Hopei, Landon Lyons (“Lyons”), and Todd Thayer (“Thayer”) were friends. Lyons was an employee of Crescent and the son of its owner. Thayer was the coordinator of the newly formed Measurement While Drilling (“MWD”) Department of Crescent. According to Hopei’s testimony at the hearing on the exception, Lyons contacted him in 2006 to see if he was interested in working in the MWD department. At that time, Hopei had just begun a contract job with another employer, which was to last about ten months to one year. Hopei was interested in a job with Crescent and was told to stay in touch. As his job was | ¡¡winding down, Hopei contacted Thayer in October of 2006, and he was told that there was nothing available at that time. Hopei was told to keep in touch and sent his resume to Crescent.
 

 In March of 2007, Lyons got married in Louisiana, and both Thayer and Hopei were in attendance. Thayer and Hopei discussed the position at that time, and he was advised that there would be an opening soon. Later, Thayer telephoned Hopei in Louisiana and advised him to come to
 
 *1080
 
 Houston on March 30, 2007. Hopei testified Thayer had been telling him that, as soon as there was an opening, he would be given a job. According to Hopei, the call from Thayer was actually a job offer that he accepted at that time because he was told he would be working in the shop for training. Hopei was told to pack a bag, that he had to complete his paperwork, and then he would be in training for a week or so. In Houston on March 30, Hopei did not actually “interview” with Thayer, but Thayer gave him forms to fill out for insurance, taxes, etc. Thayer told him he had to get the paperwork done so that the job benefits, such as insurance, would begin on April 1. Hopei had his first day of work the Monday following March 30.
 

 Several employment-related forms signed by Hopei indicate that the date of his hire was March 30, 2007.
 

 In his deposition, Thayer testified that, when an opening became available, he telephoned Hopei and advised him to pack his bags, because if he were to be hired, he would start to work that week. If Hopei were hired and the paperwork completed before April 1, he would be covered by insurance for the month of April. Prior to Hopei’s arrival, Thayer had told his supervisor, Raulie Pederson (“Pederson”), that he had a friend coming in that would be a good fit. Pederson asked Thayer to bring Hopei in and, if the interview went well, to hire him. Thayer had been hiring people, with Pederson’s authorization, for about six months. _JjThayer had “a strong opinion” that he would hire Hopei. No one is hired without an interview. Hopei interviewed with Thayer, who discussed the job requirements with him. After the interview, he was hired. Thayer had not offered the job to Hopei prior to the March 30 meeting, but he had told Hopei that, when there was an opening, he would call Hopei for an interview. Hopei was reimbursed for his travel to Houston on March 30.
 

 In his deposition, Pederson testified that he was the vice president of the MWD division of Crescent. MWD employees do not have to fill out employment applications before getting a job but used networking skills to find employees. Thayer does not have authority to hire anyone without Pederson’s approval, but he can administer the hiring process. Thayer would interview everyone brought in to hire. On March 30, Pederson gave Thayer approval to hire Hopei. There was no written approval. Passing a drug screening was a condition of employment. Prior to that date, he gave Thayer permission to bring Hopei in for an interview. It is not uncommon for candidates to travel to the corporate office and be compensated for their expenses if they pass the drug screening and become employed. An employee is officially hired when his effective date shows up and when his pre-employment drug screening comes back negative.
 

 The applicable law is La. R.S. 23:1035.1:
 

 (1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury
 

 (a) his employment is principally localized in this state, or
 

 | fi(b) he is working under a contract of hire made in this state.
 

 In determining whether a contract of hire should be regarded as a Loui
 
 *1081
 
 siana contract or that of another state in workers’ compensation cases, it is well settled that the parties’ intent should be paramount.
 
 [1]
 
 Some of the factors to be considered in determining the parties’ intent include the domicile of the parties, the nature of the work to be done, and the place where the employment was initiated.
 
 [2]
 
 Appellate review of the OWC judge’s findings is subject to the manifest error or clearly wrong standard of review.
 
 [3]
 
 Thus, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
 
 [4]
 
 The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfin-der’s conclusion was a reasonable one. Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 [5]
 
 Only where the documents or objective evidence so contradict a witness’ story, or the story itself is so internally inconsistent or implausible on its face that a reasonable factfinder would not credit a witness’ story, may the court of appeal find manifest error, even in a finding purportedly based upon a credibility determination.
 
 [6]
 

 It is not argued that Hopei’s employment was principally located in this state. Therefore, the sole issue before us on appeal is whether or not the contract |(ifor hire was confected in Louisiana so as to trigger jurisdiction under the Louisiana Workers’ Compensation Law.
 

 In the present case, Hopei was solicited for employment by Lyons in 2006, but he was not available and did not accept at that time. Hopei later contacted Thayer and sent his resume, but no employment was offered at that time. Later, in Louisiana, Hopei was informed that there would be an opening, and later, from Texas, Thayer contacted Hopei to come to Houston. Hopei contends the call was a job offer, which he accepted. The testimony of both Thayer and Pederson indicate that the call was an offer to interview for the position, although Thayer strongly believed Hopei would be hired. Thayer did not have authority to hire without approval from Pederson. All paperwork was completed in Houston on March 30, after Ho-pei’s arrival in Texas. Hopei did not begin work until the following Monday, following completion of the forms and the results of his drug test. His expenses were paid for because he was hired.
 

 There is nothing in the testimony of either Thayer or Pederson to indicate that there was any intention to hire Hopei over the telephone, nor do we find that Thayer had authority to do so. The trial court apparently concluded that the job was not offered to Hopei over the telephone. On review, we find that determination was reasonable, and we perceive no manifest
 
 *1082
 
 error. Hopei was not working under a contract for hire made in Louisiana.
 

 For the foregoing reasons, the judgment granting the Exception of Lack of Subject Matter Jurisdiction is affirmed.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Petticrew v. Abacus Capital Corp./North Am. Kiln Serv., Inc. & LWCC,
 
 07-405 (La.App. 5 Cir. 12/11/07), 974 So.2d 692,
 
 writ not considered,
 
 08-0089 (La.3/7/08), 977 So.2d 914 (citing
 
 Parr v. U.S. Exp. Enterprises, Inc.,
 
 06-320 (La.App. 5 Cir. 10/31/06), 946 So.2d 178).
 

 [2]
 

 .
 
 Id.
 

 [3]
 

 .
 
 Petticrew, supra
 
 (citing
 
 Alexander v. Pellerin Marble & Granite,
 
 93-1698 (La. 1/14/94), 630 So.2d 706).
 

 [4]
 

 .
 
 Robinson v. Doe,
 
 02-0258 (La.App. 5 Cir. 9/30/02), 829 So.2d 577, 579 (citations omitted).
 

 [5]
 

 .
 
 Id.
 

 [6]
 

 .Id.