JOHNSON, J.
Iffn this claim for workers’ compensation, Claimant appeals a judgment sustaining an exception of lack-of subject matter jurisdiction and dismissing his disputed 'claim for compensation with prejudice. For the following reasons, we affirm.

FACTS & PROCEDURAL HÍST0RY

Claimant, Lemcy Cortez,. a Louisiana resident, was hired by Triple F Oil Field Service, LLC (“Triple F”), a Texas, corporation, to drive trucks in, Oklahoma. While driving a truck, in Oklahoma on June 25, 2014, Claimant was involved in an automobile accident and .allegedly sustained elbow and back injuries. He filed a Disputed Claim for Compensation in the Louisiana Office of Workers’ Compensation (“OWC”), District 7, on September 12, 2014, against Triple F and its insurer, Texas Mutual Insurance Company (“Texas Mutual”), seeking workers’ compensation benefits. Claimant alleged his employer refused to pay any workers’ compensation benefits despite the fact he was injured in the course and scope of his employment.
Both Triple F and Texas Mutual responded by filing exceptions of lack of subject matter jurisdiction.[1] Both parties *280 asserted that the contract of hire did not occur in Louisiana and, therefore, under La. R.S. 23:1035.1, Louisiana lacked jurisdiction over the matter. Triple F and Texas Mutual alleged Claimant was hired .in Oklahoma to perform work in Oklahoma.
The exceptions were heard on June 23, 2015. According to the trial court’s reasons for judgment, the parties agreed to submit the case based on oral argument |2and their memoranda with supporting exhibits and affidavits. No live testimony was heard.
In support of their exceptions, Triple F and Texas Mutual submitted the transcript of Claimant’s recorded statement that he gave to a Texas Mutual interviewee on August 6, 2014, which was a-little more than one month after the accident. In his statement, Claimant indicated that he learned of the job opportunity with Triple F by word of mouth through a friend of his. He stated he was hired by Triple F in Alva, Oklahoma on June 24, 2014 to be a truck driver in Oklahoma. Claimant explained that he completed his employment paperwork in Oklahoma and that his only dealings with Triple F’s Texas office were through phone calls related to the accident.
In opposition to the exceptions, Claimant submitted two of his own affidavits to support his position that the contract of hire occurred in Louisiana. In his first affidavit, dated May 29, 2015, Claimant stated that he contacted Triple F by phone about the job as a truck driver while he was in Louisiana. He also stated t that Triple F contacted him in Louisiana by phone to offer him the job, and he accepted over the phone. He further stated that he traveled to Oklahoma after he had been assured he had been hired.
His second affidavit, dated June 9, 2015, was much more detailed. Claimant stated that in mid-June 2014, he' received a call from Josh Gillespie, Vice President of Triple F, who offered him a job in Oklahoma. According to Claimant, Mr. Gillespie knew Claimant lived in Louisiana when- he contacted Claimant to offer him the -job. A few days later, he received a phone call from an employee of Triple F who gave him the logistics of his work assignment and information regarding lodging in the “man camp” in Oklahoma. Claimant explained that he left Louisiana on either June 22nd or 23rd and traveled to Oklahoma because he | .¡understood that he had been hired and that Triple F had made accommodation arrangements. Once in Oklahoma on June 24th, he submitted to a drug test and immediately began driving for Triple F. Claimant stated that he was involved in the subject accident the next day,' on June 25th, which was before he completed all the required employment paperwork. He stated that after his' accident, Triple F asked him to finish his employment paperwork, which he claimed was back-dated.
Triple F and Texas Mutual filed reply briefs and attached several exhibits and affidavits in further support of their exceptions and to challenge Claimant’s affidavits. The exhibits included Claimant’s undated application for employment, all his employment paperwork, which was dated June 23, 2014, and the June 25, 2014 accident report. The affidavits included that of William Stutts, a dispatcher and yard man for Triple F in Oklahoma, and Josh Gillespie, Vice President of Triple F.
*281 According to Mr. Stutts, his responsibilities included administering road tests for prospective drivers, arranging for the drug tests of prospective drivers, having prospective drivers complete the application and employment paperwork, añd providing living arrangements for drivers in Triple F’s “man camp.” Mr. Stutts stated that Claimant arrived at the Triple F facility in Oklahoma the afternoon of June 23, 2014, at which time he administered the road test. He indicated that Claimant passed the road test and filled out the job application and employment paperwork, which Claimant returned to affiant the same day. Mr. Stutts stated that Claimant was sent for his drug test the next day. After being advised that Claimant tested negative for drugs, Mr. Stutts hired Claimant and immediately put him to work driving one of the trucks. Mr. Stutts stated that Claimant would not have been hired if he had failed the road test, if his Motor ^Vehicle Report (MVR) had not been “clean,” or if his drug screen had been positive.
Mr. Gillespie explained that Triple F was required to have authority from the United States Department of Transportation’s Federal Motor Carrier Safety Administration (FMCSA) in order to operate, which it had. According to Mr. Gillespie, FMCSA set forth certain steps and requirements in order for a new driver to be hired, including a “clean” MVR, passing a road test, a completed application with questions dictated by FMCSA, and a negative drug screen. He explained that Triple F had refused to hire applicants who failed any of these requirements.
Mr. Gillespie stated that he did not and could not have hired Claimant over the phone. He recounted that he told Claimant that he would hire him if Claimant went to Oklahoma, applied for a driving position, had a “clean” MVR, and passed the road test and drug screen. He also advised Claimant that housing was available, explaining that Triple F allows applicants to stay at its “man camp” while they are waiting for their road test and drug screen results. If the applicant is not hired, he must leave the “man camp.” Mr. Gillespie stated that Claimant was not reimbursed for his travel expenses from Louisiana to Oklahoma.
After accepting all supporting exhibits in their entirety, the trial court took the matter under advisement and rendered judgment on August 10, 2015, sustaining Triple F’s and Texas Mutual’s .exceptions of lack of subject matter jurisdiction. Claimant now appeals.

ISSUES

On appeal, Claimant argues .the trial court erred in finding that it lacked subject matter jurisdiction over his claim for workers’ compensation. He contends the trial court erred in determining there was no contract of hire in Louisiana. He | ^further asserts the trial court erred in giving weight to his opinion, as given in an un-sworn telephone interview, regarding where he was hired.

LAW & ANALYSIS

“Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.” La. C.C.P. art. 1. Subject matter jurisdiction “is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” La. C.C.P. art. 2. In Louisiana, the OWC has exclusive jurisdiction over workers’ compensation proceedings. La. Const. Art. V, § 16; La. R.S. 23:1310.3.
*282 ■ La. R.S. 23:1035.1.provides extraterritorial coverage of the provisions of the Louisiana workers’ compensation laws, and provides that an employee injured while working outside this state shall be entitled to Louisiana workers’ compensation benefits “provided that at the time of such injury (a) his employment is principally localized in this state, or (b) he is working under a contract of hire made in this state.” As it is clear that Claimant’s employment with Triple F was not principally located in this state, Claimant’s sole argument is that the OWC had' subject matter jurisdiction over his claim because the contract' bf hire was made in Louisiana."
In determining whether a contract should be regarded as a Louisiana contract or that of another state in workers’ compensation cases, the parties’ intent should be paramount. Parr v. U.S. Express Enterprises, Inc., 06-320 (La.App. 5 Cir. 10/31/06); 946 So.2d 178, 180. Some of the factors to be considered in' determining the parties’ intent include1 the domicile of the parties, the nature of the work to be done, and the place where the employment was initiated. Id.
| ^Whether a claimant was work- , ing under a contract of hire made in Louisiana is a factual determination which may not be disturbed on appeal in the absence of manifest error. Hopel v. Liberty Mutual & Crescent Directional Drilling, L.P., 09-1101 (La.App. 5 Cir. 5/25/10); 40 So.3d 1078, 1081. Where there is a conflict in the testimony, reasonable inferences of fact should not be disturbed upon- review. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfin-der’s conclusion was a reasonable one. Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous. Only where the documents or objective evidence so contradict a witness’ story, or the story itself is so internally inconsistent or implausible on its face that a reasonable factfinder would not credit a witness’ story, may the court of appeal find manifest error. Id.
Claimant was a resident of Bridge City, Louisiana. After learning of the potential job opportunity with Triple F through a friend of his,- he contacted Triple F in Texas. Triple F advised claimant of a job opportunity in Oklahoma, which consisted of driving trucks in Oklahoma. Although Claimant stated in his affidavits that he left Louisiana and traveled to Oklahoma with the thought that he was already hired by Triple F, his statement to Texas Mutual was to the contrary. Specifically, when asked by Texas Mutual where he was hired, Claimant replied that he was hired in Oklahoma. Claimaiit now argues that the trial court should not have given any weight to his opinion as to where he was hired since he was just a “layman.” We find consideration of Claimant’s belief of where he was hired was proper as the intent of the parties is of paramount importance in determining the location of an employee’s contract. Claimant’s belief of where he was hired is relevant in determining his. .intent regarding his employment with Triple F.
^Additionally, Mr. Gillespie denied that a job offer was made to Claimant in Louisiana and explained Triple-F could not hire a driver under federal mandates until he completed the necessary paperwork, passed the road test, had a negative drug screen, and it was verified that he had a “clean” MVR. While Mr. Gillespie admitted discussing employment with Claimant over the phone while Claimant was in Louisiana, he told Claimant that he would be hired if he went to Oklahoma, applied for the job, passed the road test, had a negative drug screen, and had a “clean” MVR. *283 Further, Claimant’s travel expenses from Louisiana to Oklahoma were not paid by Triple F.
Faced with conflicting evidence, the trial court concluded that Claimant was not offered a job with Triple F until he completed the pre-employment requirements in Oklahoma. We find the trial court’s conclusion to be reasonable based on the evidence presented; therefore, we cannot say it was manifestly erroneous in its determination. Thus, we find no error in the trial court’s conclusion that it lacked subject matter jurisdiction over Claimant’s claim.

DECREE

Based on the foregoing, we affirm the judgment of the OWC sustaining Triple F’s and Texas Mutual’s exceptions of lack of subject matter jurisdiction.

AFFIRMED

. Triple F also filed exceptions of lack of personal jurisdiction, improper venue, no cause of action and no right of action which Triple F waived, choosing to proceed only on *280 its exception of lack of subject matter jurisdiction. Texas Mutual likewise filed an exception of lack of personal jurisdiction, but waived it and proceeded only on its exception of lack of subject matter jurisdiction.