829 So.2d 577 (2002)
Wayne ROBINSON
v.
John DOE and Allstate Insurance Company.
No. 02-CA-0258.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2002.
*578 Carl R. Danna, Law Offices of Harold G. Toscano, New Orleans, LA, for defendants-appellants.
John D. Sileo, Gerald J. Calogero, Allan Berger & Associates, P.L.C., New Orleans, LA, for plaintiff-appellee.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS, and HENRY G. SULLIVAN, JR., Pro Tempore.
HENRY G. SULLIVAN, JR., Judge.
This is an appeal from a judgment in which the trial court found that a vehicle had not been stolen and that insurance coverage would apply.
Wayne Robinson brought a personal injury tort action, arising out of an automobile accident, which occurred in the early morning hours of June 21, 1998. Wayne Robinson was struck from the rear while driving north on Manhattan Boulevard near the Westbank Expressway by a vehicle operated by his brother, which had been struck in the rear by a vehicle owned by Selena Adams, but operated by some unknown male driver. Crystal Hudson reported the Adams' vehicle stolen the morning prior to the accident. Crystal Hudson had been given permission by Selena Adams to use the vehicle. The Adams' vehicle was discovered several hours after the accident and the steering column had been defeated along with other damage to the interior and exterior of the car. Made defendants in the lawsuit were Selena Adams, who owned the vehicle; Allstate Insurance Company, as the automobile liability carrier of Selena Adams; and John Doe, as the unknown driver of the Adams' vehicle. It was urged by the defendant, Allstate Insurance Company, that the vehicle had been stolen at the time of the accident and that the unknown driver clearly did not have permission to drive the Adams' vehicle, and as a result no coverage would apply to this unknown driver.
The case was bifurcated and the coverage issue came for trial before the court on January 22, 2001. The plaintiff, Wayne Robinson, testified at trial that he spoke with the driver of the vehicle at the accident scene. He was not focused on the interior of the car and, therefore, did not see any damage which would indicate that the vehicle had been stolen. He also testified that he was unable to identify the driver of the vehicle and he did not know Selena Adams. Selena Adams testified that she had given Crystal Hudson permission to drive the Ford Explorer and that she did not know or give permission to any male. The trial court found that the vehicle had not been stolen at the time of the accident. Based upon this factual finding, coverage under the Allstate Insurance policy would apply. In its reasons for judgment, the trial court states the actual owner of the vehicle only knew for certain that she loaned the vehicle to Crystal Hudson. Crystal Hudson did not testify. The court *579 concluded that Ms. Hudson did in fact give the unknown male permission to use the vehicle at the time of accident. The defendant, Allstate Insurance Company, filed a motion for new trial, which was denied. As a result, Allstate Insurance Company appeals the judgment of the trial court.
The issue before this court is whether the trial court committed manifest error in finding that the vehicle had not been stolen and that coverage would apply.
On appellate review, the court's function is to determine whether the findings of the trier of fact were clearly wrong or manifestly erroneous. Brown v. Seimers, 98-694 (La.App.5 Cir.1/13/99), 726 So.2d 1018, 1021, writ denied, 99-0430 (La.4/1/99), 742 So.2d 556. Where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Id. at 1021. The issue to be resolved by the reviewing court is not whether the factfinder was right or wrong, but whether its conclusion was a reasonable one. Id. Thus, where two permissible views of the evidence exists, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id. at 1021. Only where the documents or objective evidence so contradict a witness' story, or the story itself is so internally inconsistent or implausible on its face that a reasonable factfinder would not credit a witness' story, may the court of appeal find manifest error, even in a finding purportedly based upon a credibility determination. Id. at 1021; Rosell v. ESCO, 549 So.2d 840, 844-45 (La.1989).
The trial judge found that the vehicle was in fact not stolen at the time of the accident in question and, therefore, coverage was provided by the appellant, Allstate Insurance Company. It appears from the evidence and testimony that the trier of fact could have reached two diverse, but reasonable conclusions: 1) permission to drive the vehicle was given to the unidentified male; or 2) the vehicle had been stolen prior to the accident. Clearly, the trial court was in the best position to judge the evidence and the credibility of the witnesses. Accordingly, we find no manifest error. The judgment of the trial court is affirmed. Costs are assessed to the appellant, Allstate Insurance Company.
AFFIRMED.