J^SUSAN M. CHEHARDY, Judge.
This is an automobile personal injury suit in which the plaintiff appeals the dismissal of his claims. We affirm.
The accident occurred on October 26, 1998 in the early afternoon at the intersection of Williams Boulevard (Louisiana Highway 49) and West Metairie Avenue in Kenner. Stanley Gorman was operating his 1988 Chevrolet van proceeding south on Williams, with Christopher Palmer riding in the front passenger seat. Auslan-der Allen was driving a 1984 Chevrolet pickup truck owned by his father, J.B. Allen, also heading south and also planning to turn left at West Metairie. J.B. Allen was a passenger in the pickup truck. It is undisputed that Allen’s truck struck Gor-man’s van from the rear. The parties contest whether Gorman was already in the turn lane when Allen struck him, or whether Allen was in the turn lane first and Gorman swerved in front of Allen. Allen asserted he could not stop his truck quickly because he was pulling an enclosed trailer containing an automobile.
Gorman and Palmer filed suit jointly against Auslander Allen, J.B. Allen, Allstate Insurance Company (the Allens’ insurer), and Lafayette Insurance 1 «Company (Gorman’s uninsured/underin-sured motorist insurance carrier). Prior to trial Palmer settled his claim and Gor-man dismissed Lafayette from the suit.
The trial court concluded that the accident was Gorman’s fault. In a judg *575 ment incorporating reasons for judgment, the court noted that the investigating police officer had observed that damage to Gorman’s vehicle was on the left rear and damage to the Allen vehicle was on the right front. Based on the location of the damage to the vehicles and the “more credible” testimony of Aurlander and J.B. Allen, the court found:
[M]ore probable than not, the accident occurred when the Gorman vehicle suddenly veered into the lane occupied by the Allen vehicle, immediately in front of the Allen vehicle, at a time when it was not safe to do so and, this action by the Gorman vehicle was the sole cause of the accident.
Gorman appeals.
On appeal he asserts the trial court committed manifest error by not finding fault on the part of the defendants, by telling the defendant how to respond to the plaintiffs question, and by relying upon an unauthenticated photograph which did not depict the damage to plaintiffs vehicle.
Our review of the record discloses the following testimony:
Officer Keith Forsythe of the Kenner Police Department investigated the accident. He testified that he observed debris from both vehicles in the left turn lane, which indicated to him that both vehicles were completely in the left turn lane at the time of impact. He found the two drivers’ stories inconsistent on how the accident happened. Gorman told him he was stopped in the turn lane. Allen told him he was the first one in the turn lane. Forsythe said there was light damage to both vehicles. The debris indicated to him that Gorman’s vehicle was already in the turn lane when the accident occurred.
LGorman testified he was stopped at the left-turn lane when he heard brakes squealing behind him, turned his head and saw the defendants’ truck, and then his van was hit. He said, however, that it hit him on the left rear side and “kind of creased the side of the truck, the whole side of the truck kind of just bent right in.”
Although Gorman initially said that he was stopped at the light when Allen’s truck hit the van, he later admitted he was “hitting the brakes.” He had moved into the left lane from the right lane, in which he had been driving for “[a] couple of blocks, a block or so” before he moved into the left lane in order to get into the left turn lane. Gorman stated, “I didn’t see him. I was in the left lane when I could look in the mirror and I seen this truck coming down at me, and he pulled this truck to the side, and that’s how he clipped the back or left side of my truck.” Gor-man estimated he pulled into the left-turn lane at the point where the turn lane begins.
Gorman said he was slowing down as he starting pulling over to the turn lane and was probably at 10-15 miles per hour. There was a car making a left-turn ahead of him as the light was turning yellow. As he pulled into the lane the light turned red, he stopped, and that’s when he heard the squealing brakes and saw the truck coming behind.
Christopher Palmer testified they had been in the left-turn lane “over a minute” before the accident occurred and that Gor-man’s van was completely stopped. He knew moments beforehand that there was going to be an impact because he heard the noise of tires squealing on the pavement. He braced himself, he was thrown backward against the seat and then bounced off the seat back. Palmer denied that Gorman cut into the lane ahead of Allen. Palmer did not recall any cars being in the lane ahead of Gorman. He *576 estimated he heard the screeching sound for about 20 seconds before the impact.
| sAurlander Allen testified he was traveling south on Williams at the speed limit and was in the turning lane at West Me-tairie, getting ready to make a left turn. He noticed the light was yellow so he was in the process of slowing down. He was on his brakes and had down-shifted the truck, preparing to stop. When he got to the light, that’s when Gorman turned into the left-turning lane and stopped. The rear of Gorman’s truck was still on an angle; he was directly in the center of the lane. Allen estimated that his front bumper was less than three or four feet from the back of Gorman’s vehicle when Gor-man cut in front of him and stopped.
Allen said that the right front of his truck struck the left rear of Gorman’s and that Gorman stopped for the light at the intersection after he came over in front of Allen’s truck.
The trailer Allen was towing is 28 feet long. His truck is a crew-cab dualie truck. Allen disagreed with the police officer’s estimation that Gorman was completely in the left lane at the time of the collision.
J.B. Allen testified his son was driving about 20 to 25 miles an hour before they got into the left-turn lane. He saw the light turn yellow.
Counsel for Gorman disputed the accuracy of a photograph of Gorman’s van that defense counsel placed in evidence. Recalled to testify on rebuttal, however, Gor-man looked at the photo and said it accurately reflected the damage to his vehicle, except that he has replaced the rear window since the accident. He also said the photo did not show the extent of his damage because the whole left rear side was pushed forward. He said the damage was partially on the rear, right where the first bracket meets the left side of the truck. The side was pushed in and the middle of the back door was dented.
Gorman denied that he cut in front of the Allen vehicle. He insisted he was already in that lane, “and the lane is so short, how can they get a trailer and a truck Ifiin that lane, and say they were already in that lane, without violating the other left-turn lane going the opposite way?”
Gorman said, “The reason he hit me on the left side is because he was trying to avoid the accident, so he had time to pull his truck to the side.”
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Our supreme court has announced a two-part test for the reversal of a fact finder’s determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart v. State, 617 So.2d 880, 882 (La.1993).
Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell, 549 So.2d at 844.
Here, the trial judge was presented with two opposing versions of the events and was required to choose between them. We cannot say, on the evidence in the record, that the trial court was clearly *577 wrong in finding the Allen version more credible.
Further, there is no merit to plaintiffs contention that the trial court should have found defendant comparatively negligent. The court chose between opposing versions of the events and saw no contribution by defendant to the cause of the accident in the version he believed. We find no manifest error in the court’s conclusion.
[7As to plaintiffs second assignment of error, that the trial court instructed J.B. Allen how to answer a question, we find no error.
Plaintiffs counsel asked Mr. Allen whether, if his son testified that prior to the accident he was traveling 40 miles per hour, he would disagree with that. Mr. Allen responded, “I don’t think he was going 40 miles an hour.” Plaintiffs counsel reiterated, “Would you disagree with his testimony?” and Mr. Allen repeated, “I don’t think he was going 40 miles an hour.” The exchange was repeated a third time.
The fourth time plaintiffs counsel said, “Well, you still haven’t answered my question.” The judge then said, “Tell him you disagree, Mr. Allen.” Mr. Allen then said, ‘Yeah, I disagree. Okay.”
Plaintiff contends the court committed legal error in telling J.B. Allen what to say. We find no reversible error in the exchange. This was a bench trial, not a jury trial, and it is clear to us that the court’s view of the facts was not affected by the exchange. Similarly, we find no merit to plaintiffs argument that the court erred in relying on the photograph of plaintiffs vehicle that the defense introduced. The plaintiff himself stated that the photograph depicted some of the damage to his vehicle, although he said there was damage to the left side that did not show in the photograph, including a broken window that had been replaced. Since the police officer, Gorman, and Allen all testified that the right front side of Allen’s truck struck the left rear side of Gorman’s van, the photograph did not contradict that evidence and the court did not err in allowing its introduction.
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant.

AFFIRMED.