WALTER J. ROTHSCHILD, Judge.
 

 | .¿Plaintiff, Hacienda Construction Inc. (“Hacienda”), appeals the trial court’s March 20, 2009 judgment awarding it $5,060.72 for construction work, instead of the full amount sought, $13,812.72. For the reasons which follow, we affirm.
 

 STATEMENT OF THE CASE
 

 This litigation involves the property located at 670 Rue St. Michael, lot 165, in the Concord Estates subdivision in Terry-town, Louisiana. Hacienda sold this property to the defendants, Welton and Jacqueline Newman, and began constructing a home on the property for the Newmans. The construction of the home was near completion when Hurricane Katrina struck on August 29, 2005. In this lawsuit, Hacienda claims that the hurricane caused damage to the house, including the roof, garage door, stucco, soffit, and fascia, and that Hacienda promptly repaired the damage because the Newmans’ mortgage lender would not [shave permitted final payments to Hacienda under the construction loan agreement if the property had been left damaged. In its petition, Hacienda claims that the cost of the repair work was $13,812.72, but the Newmans failed to pay Hacienda the amount due. The Newmans answered the lawsuit with a general denial of the claims against them, and they filed a Third Party Demand against their insurer, State Farm Insurance Company (“State Farm”). State Farm settled this matter with the Newmans and was dismissed from this lawsuit on October 15, 2008.
 

 Trial of this matter was held on March 19, 2009. On March 20, 2009, the trial judge rendered a judgment in favor of Hacienda in the amount of $5,060.72 for the costs of the construction work. In his reasons for judgment, the trial judge indicated that he believed Hacienda only proved part of its claim by a preponderance of the evidence. Specifically, the trial judge found that the evidence did not show that Hacienda performed the roof work it claimed or the stucco repairs. Plaintiff’s exhibit 16 is a list of the repairs Hacienda claims it performed, and the cost of each. The trial judge awarded Hacienda the following amounts charged: $767.00 for removal and replacement of wet insulation, $1,265.72 for interior trim and doors, $948.00 for labor to change the damaged interior trim, $575.00 for labor and material to replace garage side door, $525.00 for labor and material for the fascia and soffit, and $980.00 for sheetrock work,
 
 [1]
 
 for a total award of $5,060.72.
 

 
 *492
 
 On April 2, 2009, the Newmans filed a “Motion for Judgment on Offer of Judgment,” asserting that, in accordance with LSA-C.C.P. art. 970, Hacienda should be cast with all costs of the litigation incurred after the July 22, 2008 offer of judgment, in which the Newmans offered Hacienda $11,000.00, inclusive of 14costs, interest, and attorney fees, in order to settle the case. Hacienda filed a memorandum in opposition to this motion. On April 30, 2009, the trial judge granted to the Newmans’ “Motion for Judgment on Offer of Judgment,” and taxed the Newmans with all costs of the proceedings incurred prior to July 23, 2008, and Hacienda with all costs incurred as of July 23, 2008. The trial judge set Hacienda’s costs to be paid by the New-mans as $493.50, and the Newmans’ costs to be paid by Hacienda as $1,407.86. The trial judge also set the amount of interest owed to Hacienda as $811.55.
 

 On March 30, 2009, Hacienda filed a Motion for Devolutive Appeal seeking to appeal the March 20, 2009 judgment, and this motion was granted by the trial judge on April 21, 2009.
 

 LAW AND DISCUSSION
 

 In its first assignment of error, Hacienda contends that the trial court erred in rendering a judgment on the offer of judgment and taxing plaintiff with costs without a contradictory hearing. Plaintiff further asserts that the trial court erred in assessing plaintiff with legal expenses, expert witness investigation costs, and a reduction in legal interest, when the offer of judgment contained allegations of fraud and accepting the offer would have constituted a stipulation by Hacienda that it was a party to fraud against an insurance company.
 

 In this assignment of error, Hacienda complains that the trial court’s April 30, 2009 judgment on the Newmans’ Motion for Judgment on Offer of Judgment is erroneous. However, we cannot address the merits of this argument, because the April 30, 2009 judgment is not properly before us. Hacienda filed a Motion for Devolutive Appeal on March 30, 2009, and the trial judge’s order granted an appeal from the March 20, 2009 judgment. The record before us does not contain |fia Motion for Appeal pertaining to the April 30, 2009 judgment or an order granting an appeal from the April 30, 2009 judgment.
 

 LSA-C.C.P. art. 2121 provides in pertinent part:
 

 An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.
 

 The jurisdiction of the appellate court attaches upon the granting of the order of appeal. LSA-C.C.P. art. 2088. In
 
 Voelkel v. State,
 
 95-147, p. 4 (La.App. 1 Cir. 10/6/95), 671 So.2d 478, 480,
 
 writ denied,
 
 95-2676 (La.1/12/96), 667 So.2d 523, the First Circuit held that it did not have jurisdiction over the appeal of a September 30,1994 judgment, because the petition for appeal sought only an appeal from a judgment rendered “on or about August 30, 1994,” not both judgments.
 

 In the present case, because Hacienda was granted an appeal only from the March 20, 2009 judgment, the April 30, 2009 judgment is not properly before us for review on appeal. Accordingly, this assignment of error will not be addressed.
 

 In its second assignment of error, Hacienda argues that the trial court erred by denying plaintiff reimbursement for the entire amount of repairs made on the Newmans’ property, $13,812.72, which was
 
 *493
 
 proven by a preponderance of the evidence at trial. It claims that defendants admitted the damage asserted by Hacienda, because the Newmans made an insurance claim, an adjustor came out and assessed the property, and the Newmans collected over $13,000 from their insurance company. It further argues that the Newmans asserted in their Third Party Demand against State Farm that the damages repaired by plaintiff were caused by Hurricane Katrina, so this was a judicial admission by the Newmans that their property was damaged by the storm and repaired by Hacienda. Hacienda also claims that all of the evidence, including the photographic evidence and the |6invoices and testimony of the repairmen or subcontractors, reveals that Hacienda met its burden of proving that it was entitled to payment in the amount of $13,812.72 for the repairs that it made.
 

 The Newmans respond that although some damage to the garage was caused by the hurricane, the evidence at trial established that Hacienda did not perform all of the repairs that it claimed. Specifically, they claim that the roof was not damaged during the storm and that Hacienda did not repair the roof or any damage to the interior of the home caused by roof damage. The Newmans further assert that they told the State Farm adjustor that they did not believe the repairs claimed by Hacienda were legitimate, but the adjustor gave them the benefit of the doubt and paid them for all repairs except the roof, which showed no evidence of damage or repairs. According to the Newmans, after they filed a Third Party Demand against State Farm, State Farm decided that the matter was not worth litigating and paid a cost-of-defense settlement for the amount of the claimed roof repairs as well. However, the Newmans contend that Hacienda is not entitled to this money, because the evidence is clear that no roof damage occurred and no roof repairs were made.
 

 Although Hacienda claims that the New-mans made a judicial confession under LSA-C.C. art. 1853 in their Third Party Demand that damages occurred to the Newmans’ house and this confession was sufficient to establish Hacienda’s claim, we disagree. LSA-C.C. art. 1853 provides:
 

 A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
 

 A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
 

 The Newmans’ claims in their Third Party Demand against State Farm do 17not constitute a judicial confession that Hacienda made all of the repairs it claimed and was entitled to reimbursement for these claims. In the Third Party Demand, the Newmans contend that any damage that was repaired by Hacienda would be covered under the State Farm policy, but the Newmans do not indicate what damage occurred and was repaired by Hacienda. The Newmans assert that “to the extent” they are liable to Hacienda for damage repairs, State Farm would be liable. The allegations in the Third Party Demand do not constitute a judicial confession that Hacienda was entitled to reimbursement for all of the repairs it claimed it made, and this argument is without merit.
 

 We now review the testimony and evidence at trial in order to address Hacienda’s claim that it proved by a preponderance of the evidence that it made all of the claimed repairs and is entitled to payment of $13,812.72.
 

 At trial, Ramon Ramos, Sr., the President of Hacienda, testified that he went to the Newmans’ house on September 1, 2005 after Hurricane Katrina and made a list of
 
 *494
 
 the wind damage that he noted. The list indicates numerous items of damage, and Mr. Ramos testified that the fascia and soffit had been damaged, roof shingles had been bent and/or broken, the top part of the power ventilator was gone, the top part of the roof jacks were gone and the bottom parts were bent back. Mr. Ramos also testified regarding other damage and repairs that he made. He stated that he had taken some photographs of the New-mans’ damage in the days after the storm, but he no longer had them because his computer hard drive had failed.
 

 Mr. Ramos testified that he used subcontractors to complete the repairs to the Newmans’ property, and he submitted invoices from the subcontractors in support of his claim. He stated that Kim Fernandez and his workers began repairing the Newmans’ roof on September 7, 2005. Mr. Ramos’ son, Ramon | sRamos, Jr., also testified that he saw roof damage and other damage at the Newmans’ house after the storm.
 

 Kim Fernandez testified that he often works with Hacienda and that he put the original roof on the Newmans’ home and he made some repairs to the roof after Hurricane Katrina. Fernando Pastrana is a framer and carpenter and he testified regarding some repairs, including stucco repairs, that he made at the Newmans’ home after Hurricane Katrina.
 

 Defendant, Welton Newman, testified that he returned to Jefferson Parish to check on his property on September 5, 2005, and his daughter took photographs of the property in order to document the damage. He testified that there was some damage to the garage, garage door, soffit, and fascia, and there were some “splashes of sand and water up in the foyer.” He also stated that he looked around the residence and did not see anything wrong with the roof or any stucco damage. He made a claim with his insurer, State Farm, and he received $9,834.75 for the damage to the house. According to counsel for the Newmans, State Farm later paid the New-mans $3,485 for alleged roof repairs. Mr. Newman testified that he first saw Mr. Ramos after the storm on October 20, 2005, and Mr. Ramos told him to file an insurance claim because he had extensive damage that Hacienda repaired. Mr. Newman also stated that Ms. Ramos came to the house when the adjustor was there to inspect it on November 4, 2005, and Mr. Ramos gave the adjustor paperwork indicating the damages Hacienda claimed to have repaired.
 

 Mr. Hop Nguyen, who lives in Concord Estates, testified that he stayed during the hurricane and vigilantly watched and policed the neighborhood. He stated that he did not see any contractors or trucks driving around the neighborhood in the first few days after the storm, and he would have stopped them if he had seen them. He also testified that he did not see any contractors or |3workers performing work on roofs in the neighborhood during the 17 days after the storm, and he believes he would have seen Hacienda if they had repaired the Newmans’ roof during the week or two after the storm. He also testified that he did not really notice any damage at the Newmans’ house.
 

 Kenneth Wollfarth, Sr. testified that he lives in Concord Estates near the New-mans’ house, and he evacuated for the storm but returned to assess his property damage on September 3, 2005. He took photographs of his property, particularly a fence that had come down, and the New-mans’ house can be seen in the background of the photos. No damage to the New-mans’ roof can be seen in these photos. Larry Commons testified that he lives in Concord Estates, but he stayed in Gretna during the hurricane. He went to his
 
 *495
 
 house on the day after the storm and two or three times during the week after the storm, but he did not see any construction or roofing crews in the area.
 

 Chantel Newman, who is the defendants’ daughter, testified that she returned with her father, Welton Newman, to inspect their house on September 5, 2005, and saw very minimal damage. She did not observe any damage to the roof, such as bent or missing shingles, or aluminum vents peeled back or removed.
 

 Kevin Nguyen testified and was accepted as an expert in data recovery. He inspected the computer hard drive that Mr. Ramos claimed contained pictures of the damage to the Newmans’ house but later failed. Mr. Nguyen stated that the hard drive was working properly, but there was no data on it. He also stated that the best way of erasing data from a hard drive is to remove the partition, and this hard drive did not have a partition when he inspected it.
 

 After hearing the testimony and reviewing the exhibits, the trial judge found that Hacienda had only proven that it was entitled to $5,060.72 for the repairs it made to the Newmans’ house after Hurricane Katrina. In his reasons for judgment, 1inthe trial judge found that the evidence did not show that Hacienda ever performed the roof work or stucco repairs that it had described.
 

 On appellate review, the court’s function is to determine whether the findings of the trier of fact were clearly wrong or manifestly erroneous.
 
 Brown v. Seimers,
 
 98-694, p. 6 (La.App. 5 Cir.1/13/99), 726 So.2d 1018, 1021,
 
 writ denied,
 
 99-0430 (La.4/1/99), 742 So.2d 556. The Louisiana Supreme Court has announced a two-part test for the reversal of a fact finder’s determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous.
 
 Stobart v. State, through Dept. Transp. and Dev.,
 
 617 So.2d 880, 882 (La.1993).
 

 Where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
 
 Robinson v. Doe,
 
 02-258, p. 3 (La.App. 5 Cir. 9/30/02), 829 So.2d 577, 579. The issue to be resolved by the reviewing court is not whether the factfinder was right or wrong, but whether its conclusion was a reasonable one.
 
 Id.
 
 Thus, where two permissible views of the evidence exists, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Gorman v. Allen,
 
 02-962 (La.App. 5 Cir. 12/30/02) 836 So.2d 573, 577;
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989).
 

 In the present case, the trial judge was presented with two opposing versions of what repairs were made after the storm, and he was required to make credibility determinations and choose between them. Hacienda and its witnesses claimed that it performed roof and other repair work at the Newmans’ house beginning on lu September 7, 2005 in order to repair damage caused by Hurricane Katrina. The Newmans’ witnesses testified that there was no damage to the Newmans’ roof after the storm and that Hacienda did not perform the roof work it claimed.
 

 Based on the testimony, photographs, and other exhibits, we cannot say that the trial court was clearly wrong in finding the Newmans’ witnesses and evidence to be more credible, and in finding that Hacienda did not prove that it made the roof and stucco repairs that it claimed. According
 
 *496
 
 ly, this assignment of error is without merit.
 

 DECREE
 

 For the foregoing reasons, we affirm the trial court’s March 20,1999 judgment. All costs of this appeal are to be paid by appellant.
 

 AFFIRMED.
 

 [1]
 

 . Although the trial judge’s reasons for judgment do not indicate that he awarded Hacien
 
 *492
 
 da for # 9 on Plaintiff's Exhibit 16, which was $980.00 for sheetrock work, he apparently did so, because this amount was included in the total award.