ROBERT A. CHAISSON, Judge.
|2In this worker’s compensation action, the Jefferson Parish School Board appeals from a judgment approving additional psychotherapy treatment for Sandy Sider-Jef-fery, and awarding her attorney fees. Ms. Sider-Jeffery has answered the appeal seeking additional attorney fees and penalties. For the following reasons, we vacate that portion of the judgment awarding attorney fees to claimant. In all other respects, the judgment is affirmed.
FACTS AND PROCEDURAL HISTORY
Ms. Sider-Jeffery was employed by the Jefferson Parish School Board to work with special education students. On November 6, 2008, she was assaulted by one of the students on a school bus and received injuries to her neck and back. She also claimed that she had received mental injuries during the incident. She sought treatment for this latter condition from Dr. Jirina Fiala, a psychologist, and Dr. Frederic Henderson, a psychiatrist. In September of 2009, Dr. Henderson diagnosed claimant with post-traumatic stress disorder (PTSD), major depression and chronic pain disorder, and he referred her to Dr. Fiala for psychotherapy. lsDr. Fiala generally agreed with Dr. Henderson’s diagnosis, and recommended psychotherapy.
The School Board has continuously paid for treatment by Dr. Henderson. Although it initially paid for Dr. Fiala’s psychotherapy treatments, it soon questioned the need for these treatments. It therefore sought a second medical opinion from Dr. Rennie Culver, a psychiatrist. Dr. Culver was of the opinion that claimant did not suffer from PTSD. He noted that claimant’s worker’s compensation benefits were equivalent to her full salary, and thus there was an element of secondary gain in the formation and maintenance of her symptoms. He concluded that “if she is treated for PTSD, at best the treatment will do her little if any good and at worst it will reinforce her symptom formation.” *262 His initial opinion was based on his review of only a part of the medical record, but he later stated that when he had subsequently reviewed the entire record, his opinion remained the same.
Because of the disagreement about the need for continued psychotherapy treatment, the School Board requested an independent medical examination (IME) pursuant to La. R.S. 23:1123. Ms. Sider-Jeffery filed an objection to the IME. After a hearing on May 14, 2010, the Office of Workers’ Compensation (OWC) judge selected Dr. Harold Ginzberg, a psychiatrist, to perform an IME. For reasons which do not appear of record, the OWC judge limited the scope of Dr. Ginzberg’s examination to two issues: “1) condition (diagnosis) and 2) capacity of claimant to return to work from a psychiatric standpoint.” This doctor reviewed all of the pertinent medical records and conducted an examination lasting several hours.
Dr. Ginzberg generally agreed with Dr. Culver that “the clinical picture, as documented during this clinical evaluation, fails to support a diagnosis of major Ldepressive disorder or posttraumatic disorder.” He noted that the issue of secondary gain, i.e., the fact that claimant was receiving her full salary, was probably implicated. He stated that “the more psychotherapy that Ms. Sider-Jeffery receives, the more she will continue to believe that, because she will never be the way she was before the assault, she will never return to employment.” His ultimate conclusion was that “[tjhere is no psychiatric contraindication to Ms. Sider-Jeffery’s returning to the workplace in a position consistent with her work experience, education and physical abilities. There is no reasonable expectation that Ms. Sider-Jeffery will return to the workplace until this Workers’ Compensation case is settled.”
On the basis of Dr. Ginzberg’s report, the School Board terminated payments for additional psychotherapy treatment. Ms. Sider-Jeffery sought relief with the Office of Workers’ Compensation. After a trial on the merits, the OWC judge ruled that the claimant was entitled to continuing payments for psychotherapy treatments, but that the School Board had not acted arbitrarily and capriciously in terminating payment for these treatments. Nonetheless, she awarded claimant $2,500 in attorney fees. The School Board now appeals urging that: 1) the OWC judge erred in limiting the scope of Dr. Ginzberg’s IME; 2) the OWC judge erred in failing to consider the opinion of Dr. Ginzberg with regard to the need for additional psychotherapy; 3) the OWC judge erred in granting claimant additional psychotherapy treatment; and 4) the OWC erred in awarding attorney fees and costs to the claimant. Claimant has answered the appeal seeking penalties and additional attorney fees for work done on appeal.
LAW AND ANALYSIS
In Dean v. Southmark Construction, 03-1051 (La.7/6/04), 879 So.2d 112, 117, the court stated:
| rJn worker’s compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC’s findings of fact is the ‘manifest error-clearly wrong’ standard. Brown v. Coastal Construction & Engineering, Inc., 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing Alexander v. Pellerin Marble & Granite, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. Alexander, 630 So.2d at 710. Where there is conflict in the testimony, *263 reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Robinson v. North American Salt Co., 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Robinson, 865 So.2d at 105.
As an initial matter, both the School Board and Ms. Sider-Jeffery have raised issues on appeal concerning the evaluation, opinion and report of Dr. Ginzberg. The School Board contends that the OWC judge erred in limiting the scope of Dr. Ginzberg’s IME. Ms. Sider-Jeffery contends that Dr. Ginzberg exceeded his mandate to address only claimant’s “condition (diagnosis)” and her ability “to return to work from a psychiatric standpoint.” She contends that portions of the doctor’s report improperly went to questions of the types of treatment which he deemed proper, and that the School Board’s reliance on these portions of the report in deciding to terminate payment for psychotherapy treatment was thereby tainted.
The School Board requested an IME pursuant to La. R.S. 23:1128 because of the differences of opinion between Dr. Henderson and Dr. Culver. Ms. Sider-Jeffery filed an objection to the IME with the OWC; therefore, a file was opened and assigned a docket number of 09-09314. After a hearing on May 14, 2010, the OWC judge selected Dr. Ginzberg to conduct the IME and issued a judgment limiting the scope of the IME. There is no indication in the record that the School |fiBoard, which now claims to be aggrieved by that judgment, sought any timely appellate review in that proceeding. Having failed to seek timely appellate review of the judgment limiting the scope of the IME, the School Board is precluded from now raising that issue in this appeal. See Hacienda Construction, Inc. v. Newman, 09-506 (La.App. 5 Cir. 11/24/09) 28 So.3d 490.
As to Ms. Sider-Jeffery’s contention that Dr. Ginzberg exceeded his mandate to address only claimant’s “condition (diagnosis)” and her ability “to return to work from a psychiatric standpoint,” we note that the substance of Dr. Ginzberg’s opinion was that the psychotherapy treatments did not appear directed toward returning her to the workplace, and were, to the contrary, reinforcing her belief that she cannot return to work. He also opined that were she “not going to re-enter the workplace this academic year, then medication management should be continued, but without psychotherapy, as the goal of psychotherapy should be to return her to the workplace.” These opinions and observations were directly related to the issue of her ability to return to work “from a psychiatric standpoint,” and were thus properly within the parameters of the IME as set forth in the appointment letter. Thus, they formed a proper and reasonable basis upon which the School Board relied in terminating payments for these treatments. We find no merit to claimant’s contentions to the contrary.
Having found that the opinion of Dr. Ginzberg was properly before the OWC judge, we now turn to the issue of whether the judge erred in awarding Ms. Sider-Jeffery additional psychotherapy treatment. Contrary to appellant’s contention that the OWC judge failed to consider the opinion of Dr. Ginzberg, the record indicates that the OWC judge found as matters of fact that the opinions of Drs. Henderson and Fiala, claimant’s treating physicians, were more credible than those of Drs. Culver and Ginzberg. She thus *264 ruled that the psychotherapy | treatments were necessary and that the School Board must pay for them. These findings are clearly based on reasonable evaluations of the credibility of the various doctors. While this Court may have decided these issues differently had it been sitting as the trier of fact, we cannot say that the findings of the OWC judge are clearly wrong or manifestly erroneous. In this circumstance, we may not set aside these findings.
We must reach a similar result in regard to the factual finding that the School Board did not act arbitrarily and capriciously in terminating payments based on the report of Dr. Ginzberg. As noted herein, Dr. Ginzberg’s opinions were properly within the parameters of the IME and it was reasonable for the School Board to rely upon his report. In this Court’s opinion, the OWC judge’s finding that the termination of additional psychotherapy treatment was not arbitrary and capricious is reasonable on the entire record, and as such, it is not manifestly erroneous and cannot be set aside.
However, having made that ruling, we further find that the OWC judge committed legal error in imposing attorney fees on the School Board.[1] Under La. R.S. 23:1201(1), when an employer terminates benefits, and such termination is deemed arbitrary, capricious, or without probable cause, attorney fees and penalties shall be awarded to the claimant. Where the employer has not acted arbitrarily and capriciously, attorney fees may not be awarded. Ocon v. Regency Motors of Metairie, L.L.C., 06-834 (La.App. 5 Cir. 4/11/07), 957 So.2d 816. We thus set aside the award of attorney fees. For the same reasons, we reject claimant’s argument that she is entitled to penalties, as well as additional attorney fees, for work done on appeal.
| ^CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers’ Compensation awarding attorney fees to claimant is vacated. In all other respects, the judgment is affirmed.

AFFIRMED IN PART; VACATED IN PART

. It was within the OWC judge's discretion to award costs to the claimant, and we do not disturb that award in this opinion.